UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

UNITED STATES OF AMERICA:                        19 CV 135 (AJN)
                    -v-                          15 Cr. 377 (AJN)

STEVEN RAWLINS,

                Defendant.          x
-----------------------------------------------------------

## AFFIDAVIT OF RICHARD J. BRAUN

Richard J. Braun, being first duly sworn under oath, states as follows:

1.    Affiant is an attorney licensed to practice law by the state of Tennessee. Affiant is in the process of retiring from the practice of law. Affiant is making this Affidavit solely from memory because he no longer has access to the file because it was picked up on October 27, 2017 by Molly Rawlins who is married to Steven Rawlins son, Brandon Rawlins. Affiant is over the age of 21 and competent to make this Affidavit. Affiant has personal knowledge of the facts set forth in this Affidavit.

2.    Affiant has read the 34 page motion filed by Steven Rawlins pursuant to 28 U.S.C. §2255.

3.    Affiant was retained by Steven Rawlins ("Rawlins") about the time of his arrest on or about March 3, 2015 to represent him in connection with charges filed against him in the Southern District of New York until December 7, 2015 at which time the District Court granted Affiant's Motion to Withdraw.

4.    Rawlins alleges that the sole trial strategy discussed or prepared for was to attack Brian Sharp's credibility. While this was one of the strategies discussed and prepared for, there

g:\clien ts - active\l - closed\rawlins (ny)\pleadings\pleadings (ny)\rawlins\affidavit or richardj. braun (06-12-19).docx:

BRAUN & ASSOCIATES, PLLC

were other strategies as well including character witnesses for Rawlins and locating documentary evidence inconsistent with the charges. Sharp was not the only witness who incriminated Rawlins.

5. Affiant accepted an assignment of stock in October 2015 allegedly belonging to Rawlins and provided him with a credit of $25,000 in return for the assignment. Affiant received nothing of value from CoreChoice, Inc. prior to the trial. The assignment was at the suggestion of Rawlins after a check provided to Affiant by Rawlins was returned for insufficient funds.

6. The strategy of attacking the credibility of Brian Sharp did not change at any time and all of the information provided by Rawlins, which was appropriate under the law to attack the credibility of Brian Sharp, was used by Affiant at the trial except that which was ruled as inadmissible or improper by the District Court. According to Rawlins, this was one of the rulings appealed and affirmed by the Second Circuit Court of Appeals. After the trial, CoreChoice denied that Rawlins owned any stock in Core Choice.

7. Rawlins alleges that he provided Affiant with corporate resolutions signed by Sharp authorizing the withdrawals made by Rawlins. No such corporate resolutions were provided to Affiant by Rawlins. Affiant is confident that if the government had possessed such corporate resolutions, the Government would have provided them to the defense pursuant to its obligations under <u>Brady v. Maryland.</u> Affiant does not believe he has ever referred to a piece of evidence as a smoking gun in defending a criminal case. If Affiant possessed such corporate resolutions, Affiant would have used them in cross-examining Sharp.

8. Affiant did possess emails from Sharp to Rawlins, which were ambiguous but suggested that Rawlins was authorized to make the alleged disputed withdrawals. These emails were used in the cross-examination of Sharp.

9. Rawlins also makes an allegation concerning a proffer on the issue of an affair in which Sharp was allegedly involved. Affiant's recollection on this issue is faint but Affiant's best recollection is that Rawlins kept changing the facts, which he believed, could be proven.

10. While Rawlins believes that the Government's case against him was not strong, both Affiant and co-counsel Brill advised Rawlins that the Government's case was very strong and recommended to Rawlins that he enter into a plea agreement which Rawlins refused to do.

FURTHER, AFFIANT SAYETH NOT.

_____
Richard J. Braun

**STATE OF TENNESSEE** )
                               ) ss:
**COUNTY OF SUMNER** )

SUBSCRIBED AND SWORN to before me this the ____ day of June, 2019.

_____
Lynne Stephens, Notary Public

My Commission Expires: December 26, 2022